UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>    Plaintiff,<br><br>  v.<br><br>R. FOX, et al.,<br><br>    Defendants. | No. 2:16-cv-2461-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

1  **III.   Screening Order**

2       The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be
3  dismissed as frivolous. Plaintiff alleges that "CDCR and defendant in fear are monitoring the
4  plaintiff['s] brain by computer and keeping plaintiff under surveillance day and night." ECF No.
5  1 at 3.[2] He claims that CDCR has "plant[ed] a sophisticated computer programmer eye lens in
6  plaintiff['s] right eye illegally . . . so defendant can control another human brain by computer
7  . . . ." *Id.* at 5. He adds that "defendant is gay and . . . communicating only by computer voice to
8  the plaintiff['s] head and to irritate and frustrate plaintiff" and "will keep punishing plaintiff until
9  [he] turn[s] gay." *Id.* at 6. He also alleges that defendant has "illegally hacked" his brain and that
10 he "cannot listen to music with headphones on [because] defendant hooked plaintiff['s] brain by
11 computer hearing device in defendant['s] ear." *Id.* at 6-7. Apart from these fantastical
12 allegations, the complaint presents no coherent statement of facts that suggest a plausible legally
13 cognizable claim.

14      Plaintiff's allegations are plainly frivolous because they lack even "an arguable basis
15 either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*,
16 490 U.S. 319, 325, 328 (1989). Indeed, plaintiff previously filed complaints with similar
17 allegations in *Chinsami v. Silbaugh*, No. 2:12-cv-2202-DAD (E.D. Cal.) and *Chinsami v. Singh*,
18 No. 2:14-cv-461-EFB (E.D. Cal.). The court found those allegations to be frivolous and
19 dismissed the actions pursuant to 28 U.S.C. § 1915A. *See Chinsami*, No. 2:12-cv-2202-DAD
20 (E.D. Cal. Jul. 22, 2013), ECF No. 12; *Chinsami*, No. 2:14-cv-461-EFB (E.D. Cal. May 21, 2014)
21 ECF No. 7.

22      Likewise, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203
23 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required
24 to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant
25 leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494,
26 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend

---

28  [2] This and subsequent page number citations to plaintiff's complaint are to the page
number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

3

the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## IV. Summary

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. This action is dismissed as frivolous and the Clerk is directed to close the case.

DATE: May 1, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE